UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 1:17-CR-181 |
| | : | |
| v. | : | (JUDGE JONES) |
| | : | |
| MARK JOHNSON, | : | (Electronically Filed) |
| Defendant. | : | |

## **PLEA AGREEMENT**

The following Plea Agreement is entered by the United States Attorney for the Middle District of Pennsylvania and the above-captioned defendant.  Any reference to the United States or to the Government in this Agreement shall mean the Office of the United States Attorney for the Middle District of Pennsylvania.

## A.   **Violation(s), Penalties, and Dismissal of Other Counts**

1.   Guilty plea.  The defendant agrees to plead guilty to Count One of the Indictment which charges the defendant with a violation of Title 18, United States Code, § 1503, obstruction of justice.  The maximum penalty for that offense is imprisonment for a period of 10 years, a fine of $250,000, a maximum term of supervised release of 3 years, which shall be served at the conclusion of, and in addition to, any term of imprisonment, as well as the costs of prosecution,

imprisonment, probation, or supervised release ordered, denial of certain federal benefits, and an assessment in the amount of $100. At the time the guilty plea is entered, the defendant shall admit to the court that the defendant is, in fact, guilty of the offense charged in Count One. The defendant agrees, however, that the United States may, at its sole election, reinstate any dismissed charges, or seek additional charges, in the event that any guilty plea entered or sentence imposed pursuant to this Agreement is subsequently vacated, set aside, or invalidated by any court. The defendant further agrees to waive any defenses to reinstatement of any charges, or to the filing of additional charges, based upon laches, the assertion of speedy trial rights, any applicable statute of limitations, or any other ground. The calculation of time under the Speedy Trial Act for when trial must commence is tolled as of the date of the defendant's signing of this Plea Agreement.

2.　　　No Limit on Prosecution. Nothing in this agreement will limit prosecution of the defendant for any other crimes, including, any charges including and arising from a triple homicide, which occurred at Mercersburg, Pennsylvania on or about June 25, 2016.

2

## B.   Fines and Assessments

3.     Fine. The defendant understands that the court may impose

a fine pursuant to the Sentencing Reform Act of 1984.  The willful

failure to pay any fine imposed by the court, in full, may be considered a

breach of this Plea Agreement.  Further, the defendant acknowledges

that willful failure to pay the fine may subject the defendant to

additional criminal violations and civil penalties pursuant to Title 18,

United States Code, § 3611, et seq.

4.     Alternative Fine. The defendant understands that under the

alternative fine section of Title 18, United States Code, § 3571, the

maximum fine quoted above may be increased if the court finds that

any person derived pecuniary gain or suffered pecuniary loss from the

offense and that the maximum fine to be imposed, if the court elects to

proceed in this fashion, could be twice the amount of the gross gain or

twice the amount of the gross loss resulting from the offense.

5.     Inmate Financial Responsibility Program. If the court

orders a fine or restitution as part of the defendant's sentence, and the

sentence includes a term of imprisonment, the defendant agrees to

3

voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect up to 50% of the defendant's prison salary, and up to 50% of the balance of the defendant's inmate account, and apply that amount on the defendant's behalf to the payment of the outstanding fine and restitution orders.

6.    Special Assessment.  The defendant understands that the court will impose a special assessment of $100, pursuant to the provisions of Title 18, United States Code, § 3013.  No later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court, Middle District of Pennsylvania.  If the defendant intentionally fails to make this payment, that failure may be treated as a breach of this Plea Agreement and may result in further prosecution, the filing of additional criminal charges, or a contempt citation.

7.    Collection of Financial Obligations.  In order to facilitate the collection of financial obligations imposed in connection with this case, the defendant consents and agrees:

4

a.  to fully disclose all assets in which the defendant has an interest or over which the defendant has control, directly or indirectly, including those held by a spouse, nominee, or other third party;

b.  to submit to interviews by the Government regarding the defendant's financial status;

c.  to submit a complete, accurate, and truthful financial statement, on the form provided by the Government, to the United States Attorney's Office no later than 14 days following entry of the guilty plea;

d.  whether represented by counsel or not, to consent to contact by and communication with the Government, and to waive any prohibition against communication with a represented party by the Government regarding the defendant's financial status;

e.  to authorize the Government to obtain the defendant's credit reports in order to evaluate the defendant's ability to satisfy any financial obligations imposed by the court; and

5

    f.   to submit any financial information requested by the
Probation Office as directed, and to the sharing of financial
information between the Government and the Probation
Office.

## C.   **Sentencing Guidelines Calculation**

8.   <u>Determination of Sentencing Guidelines.</u>   The defendant
and counsel for both parties agree that the United States Sentencing
Commission Guidelines, which took effect on November 1, 1987, and its
amendments, as interpreted by *United States v. Booker*, 543 U.S. 220
(2005), will apply to the offense or offenses to which the defendant is
pleading guilty.  The defendant further agrees that any legal and
factual issues relating to the application of the Federal Sentencing
Guidelines to the defendant's conduct, including facts to support any
specific offense characteristic or other enhancement or adjustment and
the appropriate sentence within the statutory maximums provided for
by law, will be determined by the court after briefing, a pre-sentence
hearing, and/or a sentencing hearing.

9.    <u>Acceptance of Responsibility– Three Levels</u>.  If the defendant can adequately demonstrate recognition and affirmative acceptance of responsibility to the Government as required by the Sentencing Guidelines, the Government will recommend that the defendant receive a three-level reduction in the defendant's offense level for acceptance of responsibility. The third level, if applicable, shall be within the discretion of the Government under U.S.S.G. § 3E1.1. The failure of the court to find that the defendant is entitled to a three-level reduction shall not be a basis to void this Plea Agreement.

**D.    Sentencing Recommendation**

10.    <u>Appropriate Sentence Recommendation</u>.  At the time of sentencing, the United States may make a recommendation that it considers appropriate based upon the nature and circumstances of the case and the defendant's participation in the offense, and specifically reserves the right to recommend a sentence up to and including the maximum sentence of imprisonment and fine allowable, together with the cost of prosecution.

7

11.   <u>Special Conditions of Probation/Supervised Release</u>.  If probation or a term of supervised release is ordered, the United States may recommend that the court impose one or more special conditions, including but not limited to the following:

    a.   The defendant be prohibited from possessing a firearm or other dangerous weapon.

    b.   The defendant make restitution, if applicable, the payment of which shall be in accordance with a schedule to be determined by the court.

    c.   The defendant pay any fine imposed in accordance with a schedule to be determined by the court.

    d.   The defendant be prohibited from incurring new credit charges or opening additional lines of credit without approval of the Probation Office unless the defendant is in compliance with the payment schedule.

    e.   The defendant be directed to provide the Probation Office and the United States Attorney access to any requested financial information.

f.   The defendant be confined in a community treatment center, halfway house, or similar facility.

g.   The defendant be placed under home confinement.

h.   The defendant be ordered to perform community service.

i.   The defendant be restricted from working in certain types of occupations or with certain individuals, if the Government deems such restrictions to be appropriate.

j.   The defendant be directed to attend substance abuse counseling, which may include testing to determine whether the defendant is using drugs or alcohol.

k.   The defendant be directed to attend psychiatric or psychological counseling and treatment in a program approved by the Probation Officer.

l.   The defendant be denied certain federal benefits including contracts, grants, loans, fellowships and licenses.

m.   The defendant be directed to pay any state or federal taxes and file any and all state and federal tax returns as required by law.

12.   Destruction Order/Waivers.  The defendant further agrees, should the United States deem it appropriate, to the destruction of the items seized during the course of the investigation.  The defendant agrees that the items may be destroyed by the investigative agency with or without a court order authorizing the destruction of the items seized. If the United States determines that a destruction order should be obtained, the defendant and defendant's counsel hereby concur in a motion for such an order.  The defendant further agrees to waive all interest in the assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal.  The defendant consents and waives all rights to compliance by the United States with any applicable deadlines under 18 U.S.C. § 983(a).  Any related administrative claim filed by the defendant is hereby withdrawn.  The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of forfeiture in the judgment.

10

## E. Victims' Rights and Restitution

13. Victims' Rights. The defendant understands that pursuant to the Victim and Witness Protection Act, the Crime Victims' Rights Act, the Justice for All Act, and the regulations promulgated under those Acts by the Attorney General of the United States, crime victims have the following rights:

a. The right to be reasonably protected from the accused;

b. The right to reasonable, accurate, and timely notice of any public court proceeding or any parole proceeding involving the crime, or of any release or escape of the accused;

c. The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be altered materially if the victim heard other testimony at that proceeding;

d. The right to be reasonably heard at any public hearing in the district court involving release, plea, sentencing, or any parole proceeding. The defendant understands that the

11

victim's comments and recommendations at any of these

proceedings may be different than those of the parties to

this Agreement;

e.    The reasonable right to confer with the attorney for the

Government in the case.  The defendant understands that

the victim's opinions and recommendations given to the

attorney for the Government may be different than those

presented by the United States as a consequence of this

Agreement;

f.    The right to full and timely restitution as provided for by

law.  The attorney for the Government is required to "fully

advocate the rights of victims on the issue of restitution

unless such advocacy would unduly prolong or complicate

the sentencing proceeding," and the court is authorized to

order restitution by the defendant including, but not limited

to, restitution for property loss, economic loss, personal

injury, or death;

g.    The right to proceedings free from unreasonable delay; and

12

h.   The right to be treated with fairness and with respect for the victim's dignity and privacy.

## F.   Information Provided to Court and Probation Office

14.   Background Information for Probation Office.  The defendant understands that the United States will provide to the United States Probation Office all information in its possession that the United States deems relevant regarding the defendant's background, character, cooperation, if any, and involvement in this or other offenses.

15.   Objections to Pre-Sentence Report.  The defendant understands that pursuant to the United States District Court for the Middle District of Pennsylvania "Policy for Guideline Sentencing" both the United States and defendant must communicate to the Probation Officer within 14 days after disclosure of the pre-sentence report any objections they may have as to material information, sentencing classifications, sentencing guideline ranges, and policy statements contained in or omitted from the report. The defendant agrees to meet with the United States at least five days prior to sentencing in a good faith attempt to resolve any substantive differences. If any issues

13

remain unresolved, they shall be communicated to the Probation Officer for inclusion in an addendum to the pre-sentence report. The defendant agrees that unresolved substantive objections will be decided by the court after briefing, or a pre-sentence hearing, or at the sentencing hearing where the standard or proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d) (3), and the court may consider any reliable evidence, including hearsay. Objections by the defendant to the pre-sentence report or the court's rulings, will not be grounds for withdrawal of a plea of guilty.

16. Relevant Sentencing Information. At the sentencing, the United States will be permitted to bring to the court's attention, and the court will be permitted to consider, all relevant information about the defendant's background, character and conduct, including the conduct that is the subject of the charges that the United States has agreed to dismiss. The United States will be entitled to bring to the court's attention and the court will be entitled to consider any failure by the defendant to fulfill any obligation under this Agreement.

14

17.   <u>Non-Limitation on Government's Response</u>.  Nothing in this Agreement shall restrict or limit the nature or content of the United States' motions or responses to any motions filed on behalf of the defendant.  Nor does this Agreement in any way restrict the government in responding to any request by the court for briefing, argument or presentation of evidence regarding the application of Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

## G.  **Court Not Bound by Plea Agreement**

18.   <u>Court Not Bound by Terms</u>.  The defendant understands that the court is not a party to and is not bound by this Agreement, or any recommendations made by the parties.  Thus, the court is free to impose upon the defendant any sentence up to and including the maximum sentence of imprisonment for 10 years, a fine of $250,000, a maximum term of supervised release of up to 3 years, which shall be served at the conclusion of and in addition to any term of imprisonment,

15

the costs of prosecution, denial of certain federal benefits, and

assessments totaling $100.

19.     No Withdrawal of Plea Based on Sentence or

Recommendations.   If the court imposes a sentence with which the

defendant is dissatisfied, the defendant will not be permitted to

withdraw any guilty plea for that reason alone, nor will the defendant

be permitted to withdraw any pleas should the court decline to follow

any recommendations by any of the parties to this Agreement.

## H.     **Breach of Plea Agreement by Defendant**

20.     Breach of Agreement.   In the event the United States

believes the defendant has failed to fulfill any obligations under this

Agreement, then the United States shall, in its discretion, have the

option of petitioning the court to be relieved of its obligations.   Whether

the defendant has completely fulfilled all of the obligations under this

Agreement shall be determined by the court in an appropriate

proceeding during which any disclosures and documents provided by

the defendant shall be admissible, and during which the United States

shall be required to establish any breach by a preponderance of the

evidence. In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the cooperation phase of this Agreement, if any.

21.    Remedies for Breach. The defendant and the United States agree that in the event the court concludes that the defendant has breached the Agreement:

      a.   The defendant will not be permitted to withdraw any guilty plea tendered under this Agreement and agrees not to petition for withdrawal of any guilty plea;

      b.   The United States will be free to make any recommendations to the court regarding sentencing in this case;

      c.   The United States will be free to bring any other charges it has against the defendant, including any charges originally brought against the defendant or which may have been under investigation at the time of the plea. The defendant waives and hereby agrees not to raise any defense to the

17

reinstatement of these charges based upon collateral

estoppel, Double Jeopardy, or other similar grounds.

22. <u>Violation of Law While Plea or Sentence Pending</u>. The

defendant understands that it is a condition of this Plea Agreement

that the defendant refrain from any further violations of state, local, or

federal law while awaiting plea and sentencing under this Agreement.

The defendant acknowledges and agrees that if the government receives

information that the defendant has committed new crimes while

awaiting plea or sentencing in this case, the government may petition

the court and, if the court finds by a preponderance of the evidence that

the defendant has committed any other criminal offense while awaiting

plea or sentencing, the Government shall be free at its sole election to

either: (a) withdraw from this Agreement; or (b) make any sentencing

recommendations to the court that it deems appropriate. The

defendant further understands and agrees that, if the court finds that

the defendant has committed any other offense while awaiting plea or

sentencing, the defendant will not be permitted to withdraw any guilty

pleas tendered pursuant to this Plea Agreement, and the government

18

will be permitted to bring any additional charges that it may have against the defendant.

## I.   Transfer of Information to IRS

23.   Transfer of Case to IRS.  The defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning the defendant and/or this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, law enforcement agencies and licensing and regulatory agencies.

24.   Collection Action by IRS.  Nothing in this Agreement shall limit the Internal Revenue Service in its collection of any taxes, interest or penalties due from the defendant arising out of or related in any way to the offenses identified in this Agreement.

25.   Rule 6(e) Order for Transfer of Information to IRS.  The defendant agrees to interpose no objections to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of the defendant's documents, or documents of third persons, in possession of the Grand Jury, the

19

United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

26.  Cooperation with IRS.  The defendant agrees to fully comply and cooperate with the Internal Revenue Service by filing all delinquent or amended tax returns by the date of the defendant's sentencing, and to timely file all future returns, which may come due during the term of incarceration, probation or supervised release.  The defendant also agrees to cooperate with the Internal Revenue Service by furnishing the Internal Revenue Service with all information pertaining to the defendant's assets and liabilities, as well as all documentation in support of tax returns filed by the defendant during the term of any sentence imposed pursuant to this guilty plea.  The defendant further agrees to pay all taxes, interests, and penalties due and owing to the United States and otherwise fully comply with the tax laws of the United States.  The defendant understands, and agrees, that this requirement of full compliance with federal tax laws may be made a condition of any probation or supervised release imposed in this case.

## J.  Licensing, Resignation, and Disbarment

20

27.   Status of Professional License.  It is further understood and agreed that the status of any professional license held by the defendant is not protected by this Agreement and is a matter solely within the discretion of the appropriate licensing authority.  The United States may in its discretion provide to any such licensing authority any documents and information in its possession.

## K.  Appeal Waiver

28. Appeal Waiver – Direct.  The defendant is aware that Title 28, United States Code, § 1291 affords a defendant the right to appeal a judgment of conviction and sentence; and that Title 18, United States Code, § 3742(a) affords a defendant the right to appeal the sentence imposed.  Acknowledging all of this, the defendant knowingly waives the right to appeal the conviction and sentence. This waiver includes any and all possible grounds for appeal, whether constitutional or non-constitutional, including, but not limited to, the manner in which that sentence was determined in light of *United States v. Booker*, 543 U.S. 220 (2005).  The defendant further acknowledges that this appeal waiver is binding

only upon the defendant and that the United States retains its right to appeal in this case.

## L.  **Other Provisions**

29.  <u>Agreement Not Binding on Other Agencies</u>.  Nothing in this Agreement shall bind any other United States Attorney's Office, state prosecutor's office, or federal, state or local law enforcement agency.

30.  <u>No Civil Claims or Suits</u>.  The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant, arising out of the investigation, prosecution or cooperation, if any, covered by this Agreement, including but not limited to any claims for attorney's fees and other litigation expenses arising out of the investigation and prosecution of this matter.  By the defendant's guilty plea in this matter the defendant further acknowledges that the Government's position in this litigation was taken in good faith, had a substantial basis in law and fact and was not vexatious.

22

31.  Plea Agreement Serves Ends of Justice.  The United States is entering into this Plea Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses, thereby serving the ends of justice.

32.  Merger of All Prior Negotiations.  This document states the complete and only Plea Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this Agreement and supersedes all prior understandings or plea offers, whether written or oral.  This agreement cannot be modified other than in writing that is signed by all parties or on the record in court.  No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.  Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendant certifies that the defendant's plea is knowing and voluntary, and is not the result of force or threats or promises apart from those promises set forth in this written Plea Agreement.

23

33.   Defendant is Satisfied with Assistance of Counsel. The
Defendant agrees that the defendant has discussed this case and this
plea agreement in detail with the defendant's attorney who has advised
the defendant of the defendant's Constitutional and other trial and
appeal rights, the nature of the charges, the elements of the offenses the
United States would have to prove at trial, the evidence the United
States would present at such trial, possible defenses, the advisory
Sentencing Guidelines and other aspects of sentencing, potential losses
of civil rights and privileges, and other potential consequences of
pleading guilty in this case. The defendant agrees that the defendant
has had sufficient time and opportunity to discuss all aspects of the case
in detail with the defendant's attorney and has told the attorney
everything the defendant knows about the charges, any defenses the
defendant may have to the charges, and all personal and financial
circumstances in possible mitigation of sentence. The defendant agrees
that the defendant is satisfied with the legal services and advice
provided to the defendant by the defendant's attorney.

24

34. <u>Deadline for Acceptance of Plea Agreement</u>. The original of this Agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before 5:00 p.m., April 23, 2018, otherwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

35. <u>Required Signatures</u>. None of the terms of this Agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the defendant and defense counsel and then signed by the United States Attorney or his designee.

## **ACKNOWLEDGMENTS**

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

4/23/18
Date

MARK JOHNSON
Defendant

25

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

4/23/18
Date

KOREY LESLIE
Counsel for Defendant

DAVID J. FREED
United States Attorney

4/26/2018
Date

By:

WILLIAM A. BEHE
Assistant United States Attorney

WAB/ale/2017R00292/April 18, 2018

26